SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
NAMAL TANTULA, Cal. Bar No. 247373
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398
Email:   tkennedy@sheppardmullin.com
            namaltantula@sheppardmullin.com

Attorneys for Defendants
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM FIRE
AND CASUALTY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHA LANE,<br><br>        Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.  **3:22-cv-8964**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(Removed from Alameda County Superior Court Case No. 22CV022467)<br><br>(Diversity Jurisdiction: 28 U.S.C. §§ 1332, 1441, 1446)<br><br>*[Filed concurrently with Civil Case Cover Sheet; Declarations of Tracey A. Kennedy, Gail Krawcyk, and Weslie Sawyer in Support of Removal, Certification and Notice of Interested Parties; and Corporate Disclosure Statement]*<br><br>Complaint Filed:  November 22, 2022<br>Trial Date:  None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that, on this date, Defendants State Farm Mutual Automobile Insurance Company[1] and State Farm Fire and Casualty Company (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between Plaintiff Tasha Lane ("Plaintiff") and Defendants, and the amount in controversy exceeds $75,000. The removal of this action terminates all proceedings in the Superior Court of California for the County of Alameda. 28 U.S.C. section 1446(d).

Defendants remove this action to United States District Court, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 based on the following:

1. On November 22, 2022, Plaintiff filed a complaint (the "Complaint") entitled *Tasha Lane v. State Farm Mutual Automobile Insurance Company, et al.*, Case No. 22CV022467, in the Superior Court of the State of California for the County of Alameda (the "State Court Action").

2. On November 28, 2022, Plaintiff served Defendants with the Summons and Complaint in the State Court Action. A true and correct copy of the Complaint served on Defendants is attached as Exhibit A to the declaration of Tracey A. Kennedy ("Kennedy Decl."). A true and correct copy of the Summons served on Defendants is attached to the Kennedy Decl. as Exhibit B.

3. Defendants filed and served an Answer in the State Court Action on December 15, 2022. A true and correct copy of the Answer is attached to the Kennedy Decl. as Exhibit C. The last day to file a removal is December 28, 2022.

---

[1] Defendant State Farm Mutual Automobile Insurance Company is erroneously named, and Plaintiff Tasha Lane was only employed by State Farm Fire and Casualty Company.

4. **Copies of All Process, Pleadings and Orders.** The Summons, Complaint, Civil Case Cover Sheet, and Answer (Exhibits A-C to the Kennedy Decl.) constitute all process, pleadings and orders in the State Court Action within the meaning of 28 U.S.C. section 1446(a).

5. **All Named Defendants Join in Removal.** Defendants are the only named defendants in this action and the only defendants served with the Summons and Complaint, so there are no other parties to join in this Notice of Removal. Defendant "Does 1 through 10" have not been identified, nor is there any record of their having been served with the Summons or the Complaint in the State Court Action. 28 U.S.C. § 1441(a).

6. **Removal is Timely.** Defendants were served with Plaintiff's Complaint on November 28, 2022. (Kennedy Decl., ¶ 2.) Therefore, the Notice of Removal is timely filed pursuant to 28 U.S.C. section 1446(b).

7. **Proper Venue.** The United States District Court for the Northern District of California is the District within which the Superior Court of California for the County of Alameda is pending.

## DIVERSITY JURISDICTION

8. This Court has original jurisdiction of this action based upon diversity of citizenship under 28 U.S.C. section 1332. Defendants may remove the State Court Action to this Court, pursuant to the provisions of 28 U.S.C. section 1441(b), because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Complete diversity of citizenship exists because:

9. **Plaintiff's Citizenship.** Plaintiff is at the time of filing this Notice of Removal, and was at the time of filing her Complaint, a citizen of the State of California. (Complaint ¶ 4.) To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie

evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10. Here, Plaintiff was, at the time of filing the State Court Action, and is a citizen of the State of California. (Complaint ¶ 4.)  Plaintiff alleges that she "is, and at all material times was, a California resident." (Complaint, ¶ 4.)  Therefore, based on her judicial admission, she is a resident of California, Defendants are informed and believe, and on that basis allege, that Plaintiff was domiciled in California while she worked for Defendants in California.  Plaintiff therefore is, or was at the institution of this civil action, a citizen of California.

11. **Defendant's Citizenship.**  Pursuant to 28 U.S.C. section 1332(c)(1), a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business.  Defendants are citizens of Illinois and are not a citizens of California, as shown below.

12. Defendants are incorporated in the state of Illinois. (*See* Declaration of Weslie Sawyer (Sawyer Decl."), ¶¶ 4 and 8.)

13. Principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010).  Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *See Hertz Corp.*, 130 S. Ct. 1181 at 1183.  The nerve center "should normally be the place where the corporation maintains its headquarters —provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 1184.  The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

14. Defendants' principal place of business is Bloomington, Illinois at the time of filing this Notice of Removal, and was as of the date of the filing of the Complaint in the State Court Action, November 22, 2022, as established by the following facts:

15. The headquarters, the principal operations center, and the place of Defendants' high level officers who direct and control the operations, as of the date of the filing of the Complaint and now, are in Bloomington, Illinois. (Sawyer Decl., ¶¶ 4-11.) Defendants' headquarters are where most of the executives have their offices, where the administrative and financial officers are located, and where most of the day-to-day control of the business is exercised. *Id.* As such, Defendants are citizens of the State of Illinois, and not citizens of the State of California.

16. Therefore, Plaintiff and Defendants are citizens of different States.

17. **Doe Defendants**. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 18 U.S.C. section 1332. *Firstos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe Defendants 1-10, inclusive, does not deprive the Court of jurisdiction.

18. **The Amount in Controversy Exceeds $75,000.** Where a plaintiff does not specify a particular amount of damages in the Complaint, removing defendants must show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of the court. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Therefore, Defendants need to show only that there is a "reasonable probability that the stakes exceed" $75,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). A defendant is not obliged to research, state, and prove Plaintiff's claims for damages. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377.

19. The amount in controversy is based on the assumption that Plaintiff prevails on all claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450,

1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

20. **Damages Sought**. Here, without admitting the validity of Plaintiff's causes of action (all of which are expressly denied by Defendants), the amount in controversy is in excess of $75,000, exclusive of interest and costs. Although Plaintiff does not pray for a specific dollar amount, in her Complaint, she alleges claims for: (1) failure to provide reasonable accommodation; (2) failure to engage in good faith interactive process; (3) disability discrimination; and (4) failure to prevent discrimination. In connection with her claims, Plaintiff seeks compensation for "past and future wage loss, loss of benefits, other pecuniary losses, and emotional distress including humiliation, loss of self-esteem, sense of betrayal, sadness, grief, mental anguish, and loss of enjoyment of life in an amount to be proven at trial." (*See* Complaint, ¶¶ 37, 48, 56, and 62.) Further, Plaintiff seeks compensatory damages, equitable relief, punitive damages, as well as statutory attorneys' fees. (*See* Complaint, ¶¶ 38, 39, 49, 50, 57, 58, 63, and 64 and Prayer, ¶ 1-5.) The amount-in-controversy requirements of 28 U.S.C. section 1332(a) exclude only "interest and costs." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, statutory, civil, and punitive damages, as well as attorneys' fees, which are sought by Plaintiff may all be included in the calculation. *See Guglielmino*, 506 F. 3d at 700. Based on Plaintiff's allegations and prayer, that amount exceeds $75,000.

21. <u>Lost Earnings and Other Employment Benefits</u>. In her Complaint, Plaintiff alleges she was terminated on February 25, 2020. (*See* Complaint, ¶¶ 28 and 29; Declaration

of Gail Krawcyk, (Krawcyk Decl., ¶ 2.) At the time of her termination, Plaintiff earned approximately $89,547.49 per year. (Krawcyk Decl., ¶ 3.) Accordingly, at a minimum, she has a claim of over $150,000 of lost back wages. *Id.; Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (holding that, for purposes of diversity jurisdiction, "the amount in controversy encompasses all relief a court may grant on that complaint if the plaintiff is victorious," including lost wages). This amount of potential economic damages is solely based on lost wages and does <u>not</u> include lost employment benefits, interest, potential future wages, and the other potential damages Plaintiff seeks, as set forth below, which increases alleged Plaintiff's economic losses.

22. <u>Compensation for Emotional Distress and Related Medical Expenses</u>. Plaintiff also seeks damages for emotional distress. (*See* Complaint, ¶¶ 37, 48, 56, and 62, and Prayer, ¶ 1.) Indeed, Plaintiff alleged that she has suffered and will continue to suffer general and special damages in the form of "humiliation, loss of self-esteem, sense of betrayal, sadness, grief, mental anguish, and loss of enjoyment of life." (*See* Complaint, ¶¶ 37, 48, 56, and 62) The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

23. <u>Comparable Cases</u>. In disability discrimination lawsuits, such as the case here, emotional destress damages can be substantial, and California juries frequently award emotional distress damages well in excess of the minimum $75,000 requirement. For example, in *Roby v. McKesson*, 47 Cal. 4th 686, 699, 219 P.3d 749, 756-57 (2009), the court awarded a single plaintiff $1,600,000 in non-economic damages for three separate counts of wrongful termination (later reduced by stipulation to $800,000) where, as here, the plaintiff alleged that her employer failed to accommodate her disability and discriminated against her based on her disability. In *Steven Wiley, et al. v. Trendwest Resorts, Inc. et al* Contra Costa County Superior Court Case No. MSC05-01991 (October 18, 2010), the court awarded the plaintiff $75,000 for emotional distress damages where the plaintiff alleged that as a result of her disability, she was demoted and then replaced. In *Hernandez v. Regents of the Univ.*

*of California*, Alameda County Superior Court Case No. RG06272564 (September 25, 2009), the court awarded $90,000 for emotional distress damages where, as here, the plaintiff alleged that the employer failed to accommodate her disability and discriminated against her due to her disability by terminating her employment. In *Shaunessy M. Johnson*, *et al. v. BCI Coca-Cola of Los Angeles*, Alameda County Superior Court Case No. 2002-074745 (December 16, 2004), the court awarded the plaintiff $135,000 in emotional distress damages where, as here, the plaintiff alleged his employer failed to accommodate his disability and discriminated against him due to his disability. Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and the jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

24. <u>Punitive Damages</u>. Plaintiff also seeks punitive damages. (*See* Complaint, ¶¶ 39, 50, 58, and 64 and Prayer, ¶ 2.) Punitive damages should be considered when determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Anthony v. Security Pac. Fin'l Svcs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases.").

25. <u>Attorneys' Fees</u>. Through her Complaint, Plaintiff seeks to recover attorneys' fees. (*See* Complaint, ¶¶ 38, 49, 57, and 63, and Prayer, ¶ 5.) Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Recent authority has clarified that this must include all attorney's fees *likely to be incurred through trial of an action*. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles Fritsch to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy. Therefore, the district court's conclusion that, as a matter of

law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not include any future fees, was incorrect."). Here, given the claims set forth in the Complaint, attorneys are mandatory and "shall" be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *Muniz v. UPS*, 738 F.3d 214 (2013) (a trial court awarded $697,972 in attorney fees in a single-plaintiff action for gender discrimination in violation of FEHA); *Kamali v. Cal. DOT*, 2015 Cal. App. Unpub. LEXIS 1954 (Mar. 17, 2015) (in an action brought under FEHA for failure to engage in the interactive process and failure to provide a reasonable accommodation, confirming an award of $780,660.80 in attorneys' fees).

Counsel for Defendants has defended numerous claims for alleged discrimination, harassment, and retaliation against corporate employers. (Kennedy Decl., ¶ 5.) Counsel for Defendants is familiar with damages claims made by plaintiffs and awarded by juries in California, as well as claims and awards for attorneys' fees. *Id.* Based on that experience, discovery and settlement discussions consistently reveal that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account. *Id.*

26.  Based on Plaintiff's allegations and her prayer for relief, the amount in controversy well exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees" demonstrated that the amount in controversy exceeded $75,000).

27.  A copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Alameda and served upon all adverse parties as required by 28 U.S.C. section 1446(d), and an appropriate notice of compliance with 28 U.S.C. section 1446(d) also shall be served and filed in the above entitled Court.

WHEREFORE, Defendants hereby remove the above-entitled civil action from the Superior Court of the State of California for the County of Alameda, to this Court.

Dated: December 19, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ Tracey A. Kennedy
TRACEY A. KENNEDY
NAMAL TANTULA

Attorneys for Defendants
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On December 19, 2022, I served true copies of the following document(s) described as**:**

1. **NOTICE OF REMOVAL OF CIVIL ACTION**

2. **CIVIL COVER SHEET**

3. **DECLARATION OF TRACEY A. KENNEDY IN SUPPORT OF NOTICE OF REMOVAL**

4. **DECLARATION OF GAIL KRAWCYK IN SUPPORT OF NOTICE OF REMOVAL**

5. **DECLARATION OF WESLIE SAWYER IN SUPPORT OF NOTICE OF REMOVAL**

on the interested parties in this action as follows:

**SERVICE LIST**

Jean K. Hyams                                               *Attorneys for Plaintiff* Tasha Lane
Leticia Chavez
LEVY VINICK BURRELL HYAMS LLP
180 Grand Ave., Suite 1300
Oakland, CA 94612
Tel: 510-318-7700
Fax: 510-318-7701
E-Mail: jean@levyvinick.com;
letty@levyvinick.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 19, 2022, at Los Angeles, California.

_____
Beannette De La Cruz